IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| EUGENIA LOVATO<br>c/o 519 H Street NW<br>Washington, DC 20001<br>(Prince George's County)<br><br>　　　　Plaintiff,<br><br>v.<br><br>FRANCIS RESTAURANT AND<br>CARRYOUT, LLC<br>d/b/a FRANCIS RESTAURANT AND<br>CARRYOUT<br>3856 34th Street<br>Mt. Rainier, MD 20712<br>(Prince George's County)<br><br>MARIA F. RODRIGUEZ<br>3710 41st Avenue<br>Brentwood, MD 20722<br>(Prince George's County)<br><br>MARTHA E. MAJANO<br>12001 Backus Drive<br>Bowie, MD 20720<br>(Prince George's County)<br><br>　　　　Defendants. | Civil Action No. _____ |

**COMPLAINT**

1.　　While Plaintiff worked at Defendants' restaurant as a kitchen hand, Defendants failed to pay her both minimum and overtime wages.

2. Plaintiff brings this action against Francis Restaurant and Carryout, LLC; Maria F. Rodriguez; and Martha E. Majano ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## Parties

5. Plaintiff Eugenia Lovato is an adult resident of Prince George's County, Maryland.

6. Defendant Francis Restaurant and Carryout, LLC is a Maryland corporate entity. It does business as Francis Restaurant and Carryout. Its principal place of business is located at 3856 34th Street, Mt. Rainier, MD 20712. Its resident agent for service of process is Maria Rodriguez, 3856 34th Street, Mt. Rainier, MD 20712.

7. Defendant Maria F. Rodriguez is an adult resident of Maryland. She resides at 3710 41st Avenue, Brentwood, MD 20722. She is an owner and member of Defendant Francis Restaurant and Carryout, LLC. She exercises control over the operations of Francis Restaurant and Carryout, LLC — including its pay practices.

8. Defendant Martha E. Majano is an adult resident of Maryland. She resides at 12001 Backus Drive, Bowie, MD 20720. She is a member of Defendant Francis Restaurant and Carryout, LLC. She exercises control over the operations of Francis Restaurant and Carryout, LLC — including its pay practices.

9. Defendant Majano is the daughter of Defendant Rodriguez.

## Factual Allegations

10. Defendants own and operate the restaurant Francis Restaurant and Carryout, located at 3856 34th Street, Mt. Rainier, MD 20712.

11. Plaintiff worked at Francis Restaurant and Carryout from approximately February 2016 through approximately February 11, 2021 — with a leave of absence from approximately the end of May 2018 through approximately February 2019.

12. Plaintiff worked at Francis Restaurant and Carryout as a kitchen laborer.

13. Plaintiff's job duties at Francis Restaurant and Carryout primarily consisted of preparing and cooking food, working the cash register, and cleaning the restaurant at the end of her shift.

14. Prior to approximately April 6, 2020, Plaintiff typically and customarily worked between sixty and seventy-two hours per week.

15. Starting on approximately April 6, 2020, Plaintiff typically and customarily worked between fifty and sixty-six hours per week.

16. Prior to Plaintiff's leave of absence at the end of May 2018, Defendants paid her $8.00 per hour.

17. Starting on approximately February 11, 2019, Defendants paid Plaintiff approximately $8.50 per hour.

18. At all relevant times, Defendants paid Plaintiff by the hour.

19. At all relevant times, Defendants paid Plaintiff in cash.

20. At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

21. At all relevant times, Defendants paid Plaintiff the same regular hourly rate across all hours worked.

22. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

23. In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable Maryland and Prince George's County minimum wages.

24. Maryland law requires that employers pay non-exempt employees at least $9.25 per hour from July 1, 2017 through June 30, 2018, $10.10 per hour from July 1, 2018 through December 31, 2019, $11.00 per hour from January 1, 2020 through December 31, 2020, and $11.60 per hour from January 1, 2021 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

25. The Prince George's County minimum wage was $11.50 per hour from October 1, 2017 through December 31, 2020, and $11.60 per hour from January 1, 2021 through the present.

26. For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe her approximately $40,050.00 in minimum and overtime wages (excluding liquidated damages).

27. Defendant Rodriguez hired Plaintiff.

28. Defendant Rodriguez participated in setting Plaintiff's work schedule.

29. Defendant Rodriguez participated in setting Plaintiff's hourly rate.

30. Defendant Rodriguez often personally handed Plaintiff her pay.

31. In 2020, Defendant Majano started to take an active role in the management of Defendants' restaurant.

32. Defendant Majano supervised Plaintiff's work.

33. Defendant Majano participated in setting employee schedules, including that of the Plaintiff.

34. Defendant Majano often personally handed Plaintiff her pay.

35. At all relevant times, Defendants had the power to hire and fire Plaintiff.

36. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

37. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

38. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

39. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times her regular hourly rate for all hours worked in excess of forty hours in any one workweek.

40. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable Maryland and Prince George's County minimum wages.

41. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to her.

42. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

43. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

44. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of Maryland.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

45. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

46. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

47. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

48. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one workweek.

49. Defendants' violations of the FLSA were willful.

50. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

51. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

52. Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

53. The MWHL requires that employers pay non-exempt employees at least $9.25 per hour from July 1, 2017 through June 30, 2018, $10.10 per hour from July 1, 2018 through December 31, 2019, $11.00 per hour from January 1, 2020 through December 31, 2020, and $11.60 per hour from January 1, 2021 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

54. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

55. Defendants violated the MWHL by knowingly failing to pay the required minimum wage to Plaintiff.

56. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one workweek.

57. Defendants' violations of the MWHL were willful.

58. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

59. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

60. Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

61. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

62. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

63. The "wages" required to be timely paid by the MWPCL include minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

64. Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including minimum and overtime wages.

65. Defendants' violations MWPCL were willful.

66.     For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$122,847.00**, and grant the following relief:

    a.    Award Plaintiff $120,150.00, consisting of the following overlapping elements:

        i.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

        iii.    three times the amount of unpaid minimum and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

    b.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

    c.    Award Plaintiff reasonable attorney's fees and expenses at (as of this date, approximately $2,295.00);

    d.    Award Plaintiff court costs (currently, $402.00); and

    e.    Award any additional relief the Court deems just.

Date: March 3, 2021                                    Respectfully submitted,

                                                 By: /s/ Justin Zelikovitz
                                                 JUSTIN ZELIKOVITZ, #17567
                                                 DCWAGELAW
                                                 519 H Street NW
                                                 Washington, DC 20001
                                                 Phone: (202) 803-6083
                                                 Fax: (202) 683-6102
                                                 justin@dcwagelaw.com

                                                 *Counsel for Plaintiff*